

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 FEB -8 A 11: 11

LORETTA G. WHYTE
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MERRILL LYNCH, PIERCE, FENNER & SMITH INC., | CIVIL ACTION NO. 00-0396 |
| Plaintiff | JUDGE |
| v. | MAGISTRATE |
| | SECT. S MAG. 3 |
| JOSEPH B. BRECHTEL, JR. | |
| Defendant | |

### EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION

1.  Plaintiff Merrill Lynch, Pierce, Fenner & Smith Inc. ("Merrill Lynch") respectfully moves this Court for a Temporary Restraining Order and a Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure.

2.  Contemporaneously herewith, Merrill Lynch filed a Complaint with the Court, which is incorporated herein and made a part hereof by reference.

3.  As stated in Merrill Lynch's Complaint, Defendant Joseph B. Brechtel, Jr. ("Defendant"), has misappropriated and misused Merrill Lynch's trade secret information, has violated the express provisions of his Merrill Lynch employment agreement, has breached his duty of loyalty to Merrill Lynch, and has engaged in unfair acts of competition.

DATE OF ENTRY  FEB 0 9 2000

Fee_____
Process____
X /Dktd  /G
✓ CtRmDep___
Doc.No.___

4. For the reasons stated in Merrill Lynch's Complaint, unless Defendant is enjoined from converting Merrill Lynch's property to his own use and from soliciting Merrill Lynch's clients, Merrill Lynch will be irreparably harmed by:

    a) Disclosure of trade secrets, customer lists, and other confidential information which are solely the property of Merrill Lynch and its clients;

    b) Loss of confidentiality of the information contained in clients' records, loss of confidentiality of clients' financial dealings, loss of confidence and trust of clients, loss of goodwill, and loss of business reputation;

    c) Loss of personnel, damage to office stability, and a threat to the enforcement of reasonable contracts; and

    d) Present economic loss, which is unascertainable at this time, and future economic loss, which is presently incalculable.

5. Merrill Lynch has no adequate remedy at law.

6. Greater injury will be inflicted upon Merrill Lynch by the denial of temporary injunctive relief than would be inflicted upon Defendant by the granting of such relief.

7. The issuance of injunctive relief will serve the public interest in the enforcement of reasonable contracts and protection of trade secret business information.

8. In his Agreement, Defendant specifically consented to the issuance of temporary and preliminary injunctive relief "to prohibit the breach of any provision of [his] contract, or to maintain the status quo pending the outcome of any arbitration proceeding",

see Exhibit "A" to Complaint at ¶ 4; R.G.I. Inc. v. Tucker & Associates., 858 F.2d 226, 230 (5th Cir. 1991) (agreement to comply with contract pending arbitration is a "bargained for provision" which must be enforced to "ensure that the arbitration agreement is carried out as written").

**WHEREFORE**, Merrill Lynch respectfully prays that this Court **ORDER** and **DECREE** that:

(1)  Defendant be immediately enjoined and restrained, directly or indirectly, and whether alone or in concert with others, including any officer, agent, employee, and/or representative of Defendant's current employer, until a hearing and thereafter until further Order of this Court, from doing any of the following:

> (a) soliciting any business from any customer of Merrill Lynch whom Defendant served or whose name became known to Defendant while in the employ of Merrill Lynch and who resides within one hundred miles of Merrill Lynch's Metaire office, and, further, from accepting any business or account transfers from any of said customers whom Defendant has solicited to do business with his current employer (excluding (i) Defendant's immediate family, and (ii) any customer Defendant serviced as a registered representative prior to his employment with Merrill Lynch);
>
> (b) using, disclosing, or transmitting for any purpose, including solicitation of said customers, the information contained in the records of Merrill Lynch, including, but not limited to, the names, addresses, telephone numbers and financial information of said customers;
>
> (c) accepting any business or account transfers from any Merrill Lynch customer whose records or information was used by Defendant to solicit customers or was disclosed by Defendant to his new employer or any third party;
>
> (d) Destroying, erasing or otherwise making unavailable for further proceedings in this matter, or in any arbitration proceeding between the parties, any records or documents (including computer readable media) in Defendant's possession or control

    which were obtained from or contain information derived from any Merrill Lynch records, which pertain to Merrill Lynch customers, or which relate to any of the events alleged in the Complaint in this action; and

    (e) any and all other such acts as this Court deems appropriate for injunctive relief.

  (2) Defendant, and anyone acting in concert or participation with Defendant, including any agent, employee, officer or representative of Defendant's current employer, be further ordered to return to Merrill Lynch any and all information pertaining to Merrill Lynch customers, whether in original, copied, computerized, handwritten or any other form, and purge any such information from their possession, custody, or control, within 24 hours of notice to Defendant or his counsel of the terms of the Court's Order, provided however that any information so purged shall be printed prior to purging and returned to Merrill Lynch pursuant to this paragraph and consistent with paragraph (1)(d) above;

  (3) The Court's Order remain in full force and effect until such time as the Court specifically orders otherwise;

  (4) Merrill Lynch be granted leave to commence discovery immediately in aid of preliminary injunction proceedings before the Court;

  (5) Pending a preliminary injunction hearing before this Court, and pursuant to the requirements of sections 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §§ 3-4, the parties be directed to proceed toward an expedited arbitration hearing on the merits before a duly appointed panel of arbitrators in accordance with Rule 10335(g) of the National Association of Securities Dealers Code of Arbitration Procedure; and

(6)    Defendant shall show cause before the Court on the _____ day of February, 2000 at _____ o'clock ___.m., or as soon thereafter as counsel may be heard, why a Preliminary Injunction should not be ordered according to the terms and conditions set forth above.

/s/ *signature*
_____
JAMES M. GARNER (#19589), T.A.
KEITH A. KORNMAN (#23169)
BRANDON A. BROWN (#25592)
SHER GARNER CAHILL RICHTER KLEIN MCALISTER & HILBERT, L.L.C.
Twenty Eighth Floor
909 Poydras Street
New Orleans, LA 70112
(504) 299-2102; (504) 299-2302 (telecopy)

**Attorneys for Merrill Lynch, Pierce, Fenner & Smith, Inc.**

Of Counsel:

Christopher P. Stief, Esquire
Michael R. Greco, Esquire
RUBIN & ASSOCIATES, P.C.
MCS Building
10 South Leopard Road
Suite 202
Paoli, PA 19301
(610) 408-2007
(610) 408-9070 (telecopy)

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MERRILL LYNCH, PIERCE, FENNER & SMITH INC.,** | : CIVIL ACTION NO. |
| **Plaintiff** | : JUDGE |
| | : MAGISTRATE |
| v. | : |
| **JOSEPH B. BRECHTEL, JR.** | : |
| **Defendant** | : |

### ORDER

**AND NOW**, this _8_ day of February, 2000, upon consideration of the Complaint and Motion of Plaintiff Merrill Lynch, Pierce, Fenner & Smith Inc. ("Merrill Lynch"), and having determined that:

1. In paragraph 4 of Defendant's employment agreement with Merrill Lynch, Defendant Joseph B. Brechtel, Jr. ("Defendant") agreed to the issuance of temporary and preliminary injunctive relief enforcing his post-employment obligations pending a decision on the merits by a panel of arbitrators;

2. The rights of Merrill Lynch with respect to its property, proprietary and confidential information, competitive interests, and employment contract with Defendant are being and will be violated by Defendant unless Defendant is restrained therefrom;

3. Merrill Lynch will suffer irreparable harm and loss if Defendant is permitted (a) to convert the property of Merrill Lynch to Defendant's own personal use and benefit, and that of Defendant's new employer, including by soliciting Merrill Lynch accounts, clients, and customers, and (b) to profit from his wrongful use of Merrill Lynch's confidential and trade secret information;

4. Merrill Lynch has no adequate remedy at law;

5. Greater injury will be inflicted upon Merrill Lynch by denial of temporary injunctive relief than would be inflicted upon Defendant by the granting of such relief; and

6. The issuance of injunctive relief will serve the public interest in the enforcement of reasonable contracts and the protection of trade secrets.

**IT IS HEREBY ORDERED AND DECREED THAT:**

1. A Temporary Restraining Order issue immediately and that security in the amount of $10,000 be posted no later than the 10 day of February, 2000;

2. Defendant is enjoined and restrained, directly or indirectly, and whether alone or in concert with others, including any officer, agent, representative, and/or employee of Defendant's current employer, until hearing and thereafter until further Order of this Court from:

> (a) soliciting any business from any customer of Merrill Lynch whom Defendant served or whose name became known to Defendant while in the employ of Merrill Lynch, and who resides within 100 miles of Merrill Lynch's Metaire office, and, further, from accepting any business or account transfers from any of said customers whom Defendant has solicited to do business with his current employer (excluding (i) Defendant's immediate family, and (ii) any customer serviced by Defendant as a registered representative prior to his employment with Merrill Lynch);

2

    (b) using, disclosing, or transmitting for any purpose, including solicitation of said customers, the information contained in the records of Merrill Lynch, including, but not limited to, the names, addresses, telephone numbers and financial information of said customers;

    (c) accepting any business or account transfers from any Merrill Lynch customer whose records or information was used by Defendant to solicit customers or was disclosed by Defendant to his current employer or to any third party;

    (d) destroying, erasing or otherwise making unavailable for further proceedings in this matter, or in any arbitration proceeding between the parties, any records or documents (including computer readable media) in Defendant's possession or control which were obtained from or contain information derived from any Merrill Lynch records, which pertain to Merrill Lynch customers, or which relate to any of the events alleged in the Complaint in this action; and

    (e) any and all other such acts as this Court deems appropriate for injunctive relief.

3. Defendant, and anyone acting in concert or participation with Defendant, including any agent, employee, officer or representative of his current employer, are further ordered to return to Merrill Lynch any and all records, documents and/or information pertaining to Merrill Lynch customers, whether in original, copied, computerized, handwritten or any other form, and to purge any and all such information from their possession, custody, or control within 24 hours of notice to Defendant or his counsel of the terms of this Order, provided, however, that any information so purged shall be printed prior to purging and be returned to Merrill Lynch pursuant to this paragraph and consistent with paragraph (2)(d) above;

4. This Order shall remain in full force and effect until such time as this Court specifically orders otherwise;

5.  Merrill Lynch is granted leave to commence discovery immediately in aid of preliminary injunction proceedings before the Court;

6.  Pending a preliminary injunction hearing before this Court, and pursuant to the requirements of the Federal Arbitration Act, 9 U.S.C. §§ 3-4, the parties are directed to proceed toward an expedited arbitration hearing on the merits before a duly appointed panel of arbitrators pursuant to Rule 10335(g) of the NASD Code of Arbitration Procedure; and

7.  Defendant shall show cause before this Court on the __17__ day of February, 2000 at __2__ o'clock __p.m.__ or as soon thereafter as counsel may be heard, why a Preliminary Injunction should not be ordered according to the terms and conditions set forth above.

**THUS DONE AND SIGNED** this __8__ day of February, 2000 at New Orleans, Louisiana at 11:45 a.m.

_____
DISTRICT JUDGE

4